JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Bintu Kabba

**DEFENDANTS**
Michael Brown and First Round Landscaping, Inc.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Brick, NJ
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Theodore C. Levy, Esquire
Fine and Staud LLC
1333 Race Street, Philadelphia, PA 19107
(215) 665-0100

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 1/21/22

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 08/18)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V. Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket. **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

BINTU KABBA :
2244 N. 16th Street :
Philadelphia, PA 19104 :
 :
    v. :
 :
MICHAEL BROWN :
226 Virginia Drive :
Brick, NJ 08723 :
    & :
FIRST ROUND LANDSCAPING, INC. : **JURY TRIAL DEMANDED**
201 Arizona Drive :
Brick, NJ 08723 :

## COMPLAINT

Plaintiff, Bintu Kabba, by and through her attorneys, Fine and Staud, LLC, states that she has multiple cause of action against Defendants, Michael Brown and First Round Landscaping, Inc. and in support thereof avers the following:

### I.   PARTIES

1. Plaintiff, Bintu Kabba, is an adult individual residing at the above stated address.

2. Defendant, Michael Brown, is an adult individual, residing at the above stated address.

3. Defendant, First Round Landscaping, Inc., is a corporation or other business entity with a primary place of business at the above stated address.

4. At all times relevant, Defendant Michael Brown was acting as the agent of and on behalf of Defendant First Round Landscaping, Inc. and Defendant First Round Landscaping, Inc. was acting by and through its agent, Defendant Michael Brown, who at all times was acting within the course and scope of his employment and agency and on behalf of Defendant, First Round Landscaping, Inc., in the operation of Defendant First Round Landscaping, Inc.'s vehicle.

## II. JURISDICTION AND VENUE

5. Jurisdiction is proper because this action is brought pursuant to 28 U.S.C. § 1332, as Plaintiff, Bintu Kabba is a resident of the Commonwealth of Pennsylvania and Defendants, Michael Brown and First Round Landscaping, Inc. are residents of the State of New Jersey, and the amount in controversy exceeds $75,000.00, thereby meeting the requirements for diversity of citizenship.

6. Venue is proper in the District of New Jersey in that all events relevant to the above captioned matter occurred in New Jersey and Defendants' business is based in New Jersey.

## III. CHRONOLOGY OF FACTS

7. On or about September 26, 2021 at approximately 2:00 am, Plaintiff, Bintu Kabba, was a passenger in a motor vehicle being driven by her boyfriend, Ahmadu Ekpaji, traveling westbound on the Atlantic City Expressway in the leftmost lane, near mile marker 4 in Pleasantville Township, NJ.

8. At the aforesaid time and place, Defendant, Michael Brown, was operating a motor vehicle owned by First Round Landscaping, Inc., traveling westbound on the Atlantic City Expressway in the lane that was second from the left.

9. Suddenly and without warning, Defendant, Michael Brown left his lane of travel, shifting into the leftmost lane and sideswiping the vehicle occupied by Plaintiff, forcing the vehicle occupied by Plaintiff to strike the concrete barrier on the road at a high rate of speed.

10. As a direct and proximate result of the negligence and carelessness of all Defendants, as aforesaid, Plaintiff, Bintu Kabba, was severely and permanently injured and as a result of which she did suffer, is suffering, and in the future will suffer pain of the body and mind; more particularly, Plaintiff suffered permanent injuries, including but not limited to injuries to her muscles, tendons, discs, bones, ligaments, nerves, neck, back, pelvis, arms, head, L5-S1 disc protrusion, lumbar sprain and strain, thoracic sprain and strain, myofascial pain, post-traumatic headaches, loss of bladder control, and aggravation of preexisting conditions, if any, all or some of which are or may be permanent. Plaintiff

also makes claim for such injuries, damages and consequences of which she has no present knowledge.

11. As a further result of this accident, Plaintiff has been or will be obliged to receive and undergo medical attention and care and to expend various sums of money and/or to incur various expenses for the injuries she has suffered and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite time in the future.

12. As a further result of this accident, Plaintiff has or may suffer a severe loss of her earnings and of her earning capacity and power.

13. As a direct and reasonable result of this accident, Plaintiff has or may hereafter incur financial expenses or losses which do or may exceed amounts she may otherwise be entitled to receive.

14. As a further result of this accident, and by reason of the injuries as aforesaid, Plaintiff has suffered and in the future may continue to suffer great pain and agony, mental anguish and humiliation and has been, and may in the future, be hindered from attending to her daily duties, function and occupation, to her great detriment and loss.

**FIRST COUNT**
**NEGLIGENCE**
**BINTU KABBA V. MICHAEL BROWN AND FIRST ROUND LANDSCAPING, INC.**

15. Plaintiff repeats each and every allegation contained in this Complaint as though set forth at length herein.

16. The aforesaid collision and resulting injuries and damages to Plaintiff, were caused by the negligence and carelessness of Defendants, Michael Brown and First Round Landscaping Inc., individually, jointly, severally, and vicariously, and included but is not limited to the following:

    a. Operating his vehicle at a high and excessive rate of speed under the circumstances;

    b. Failing to have his vehicle under proper and adequate control at all time relevant hereto;

    c.    Failing to give proper and sufficient warning of the approach of his vehicle;

    d.    Operating his vehicle in a reckless manner without due regard for the rights, safety and position of Plaintiff;

    e.    Operating his vehicle in a careless manner without due regard for the rights, safety and position of Plaintiff;

    f.    Violating the various rules of the road and statutes of the State of New Jersey pertaining to the operation of motor vehicles and buses, including but not limited to Careless Driving, 39:4-97, for which Defendant was cited, Reckless Driving 39:4-96, and Failure to Maintain Lane 39:4-88, for which Defendant was cited;

    g.    Driving and operating his vehicle in a careless and inattentive manner;

    h.    Cutting off Plaintiff's vehicle with an illegal lane shift;

    i.    Forcing Plaintiff's vehicle to strike a concrete barrier median; and

    j.    Negligence per se for violation of the above mentioned statutes.

**WHEREFORE**, Plaintiff, Bintu Kabba, requests the following relief from Defendants, Michael Brown and First Round Landscaping, Inc.

    a.    Compensatory damages;

    b.    Such other and further relief as appears reasonable and just; and

    c.    A jury trial as to each Defendant and as to each count.

**SECOND COUNT**
**NEGLIGENT ENTRUSTMENT**
**BINTU KABBA V. FIRST ROUND LANDSCAPING, INC.**

17.    Plaintiff repeats each and every allegation contained in this Complaint as though set forth at length herein.

18. The aforesaid collision and resulting injuries and damages to Plaintiff, were caused by the negligence and carelessness of Defendant, Michael Brown, who was operating his vehicle on behalf of Defendant, First Round Landscaping, Inc.

19. Defendant, First Round Landscaping, Inc. knew or should have known that the driver was incapable of safely operating the vehicle.

19. Defendants, First Round Landscaping, Inc., was further negligent in the hiring, training, and/or supervision of the driver.

20. Despite knowing that the driver could not safely operate the vehicle, Defendant, First Round Landscaping, Inc., negligently entrusted the vehicle thereby causing Plaintiff's harm.

**WHEREFORE**, Plaintiff, Bintu Kabba, requests the following relief from Defendant, First Round Landscaping, Inc.

  a. Compensatory damages;

  b. Such other and further relief as appears reasonable and just; and

  c. A jury trial as to each Defendant and as to each count.

RESPECTFULLY SUBMITTED,

BY: *Theodore C. Levy*
THEODORE C. LEVY, ESQUIRE
Attorney ID No. 036002011
Fine and Staud LLC
1333 Race Street
Philadelphia, PA 19107
Phone (215) 665-0100
Fax (267) 710-7004
tlevy@fineandstaud.com
Attorney for Plaintiff, Bintu Kabba

Date: 1/21/22